## G. A. HUTCHESON v. B. J. WELLS ET AL.

(No. 1431, Op. Book No. 2, p. 143.)

APPEAL from Tarrant County.   Opinion by QUINAN, J.

§ 953. *Appeal bond from justice's to county court; invalid for want of motion for new trial; suit upon.* H. recovered a judgment in justice's court against W. Without making any motion for new trial, W. gave notice of appeal, and filed an appeal bond. In the county court the appeal was dismissed because there had been no motion for new trial made in the justice's court. H. then instituted this suit upon the appeal bond of W. *Held,* 1. That no motion for new trial having been made in justice's court, the appeal bond was a nullity, and there was no appeal in fact. 2. The condition of the appeal bond was that W. would "prosecute his appeal with effect, or pay and satisfy the judgment that might be rendered against the obligors on the bond." There was no breach of this condition, even had the bond been a valid one, for no judgment or decree was or could have been rendered against the obligors in the bond, because the county court had not acquired jurisdiction of the appeal. 3. The judgment of the justice was not suspended by this appeal bond. The plaintiff was at liberty to proceed at once to the enforcement of his judgment, notwithstanding such appeal bond. He was not in any way delayed, hindered or impeded in the collection of his debt by it. Nor did the defendant acquire any right or benefit by the filing of it. There was, therefore, no

consideration for the appeal bond. 4. That the justice, in violation of law, granted an appeal, and exacted unlawfully an appeal bond, can create no legal liability upon the obligors in an illegal bond. The judgment of the county court for the defendants was affirmed.

June 9, 1880.                        Affirmed.